FRANKLIN
January,
1836.

Lucy Gaffery
vs.
Alvin Austin.

---

## HEMAN FASSETT vs. ADI VINCENT.

FRANKLIN,
January,
1836

The defendant, in an action on book, may prove by his own oath, that he has delivered up to the plaintiff, in pursuance of an agreement between them, a note which he held against the plaintiff and another, in payment of the plaintiff's account.

This was an action on book account, commenced before a magistrate and carried by appeal to the county court, by whom it was referred to an auditor. At the trial before the auditor, the defendant exhibited a charge on book against the plaintiff, of $10 04, being the balance due on a note signed by the plaintiff and one Carr. The defendant offered his own oath to prove an agreement between himself and the plaintiff, that the note in question should be applied upon the plaintiff's account, and also to prove that he had delivered said note to the plaintiff for the purpose of being so applied. But 'the auditor decided that the note in question was not a proper subject of book account, and that defendant's oath could not be admitted in support of it.

The county court sustained the decision of the auditor, whereupon the defendant excepted.

Mr. J. J. Beardsley for plaintiff.
Mr. Stevens for defendant.

The opinion of the court was delivered by

WILLIAMS, CH. J.—The defendant should have been admitted to prove by his own oath, that the note specified was to be applied in payment of the plaintiff's account, and that he had delivered it for that purpose to the plaintiff. The auditor was probably correct in his opinion that a note is not "a proper subject of book account," but erred in his application of that principle to the case in controversy. If the articles, delivered by the plaintiff to the defendant, had been delivered and received in payment of a note,

10

FRANKLIN,
January,
1836.

Fassett
vs.
Vincent.

no action on book could be sustained for those articles. If a note had been delivered up by the defendant to the plaintiff, in payment of the book account of the plaintiff against him, and been so received, it was as proper for the parties to testify to such payment in the action on book, as it would to a payment in any other way or in any other article. The offer made by the defendant, was to prove payment of the plaintiff's account in this way, and we think his testimony to that effect should have been received.

The judgment of the county court must, therefore, be reversed and the cause again refered to the same auditor to report at the next term.